HOUSTON OIL CO. OF TEXAS v. DAVIS et al.   (No. 6749.)†

(Court of Civil Appeals of Texas. Galveston. March 3, 1915. Rehearing Denied June 30, 1915.)

1. ADVERSE POSSESSION ⬦⟿31—SUFFICIENCY.

Where plaintiffs' predecessor in title took adverse possession of defendant's land, claiming 160 acres thereof, and thereafter purchased an adjoining tract, putting under fence a tract which included part of the land so acquired and part of defendant's 160 acres, the possession of the fenced tract by plaintiffs and their predecessor was sufficient to give title by adverse possession, since it could not be said as matter of law, merely from the fact that part of the land under fence belonged to plaintiffs' predecessor, that the adverse possession was

not sufficient to give a reasonably diligent owner notice of the extent of plaintiffs' claim to the land other than that owned by him.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128–133; Dec. Dig. ☜ 31.]

2. APPEAL AND ERROR ☜1008—REVIEW—SUFFICIENCY OF ADVERSE POSSESSION — QUESTION OF FACT.

In trespass to try title, the sufficiency of plaintiffs' adverse possession to give title was a question of fact, and the finding of the trial court thereon could not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☜1008.]

Appeal from District Court, San Augustine County; A. E. Davis, Judge.

Action by Lula Belle Davis and others against the Houston Oil Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed.

H. O. Head, of Sherman, and Parker & Kennerly and H. M. Richter, all of Houston, for appellant. Foster & Davis, of San Augustine, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellees, Lula Belle Davis and her minor children, against appellant, to recover the title and possession of a tract of 160 acres of land, a part of Houston Tap & Brazoria Railroad survey No. 15, in San Augustine county. The defendant answered by general demurrer, general denial, and plea of not guilty. The trial in the court below without a jury resulted in a judgment in favor of plaintiffs.

The following conclusions of fact filed by the trial court are sustained by the evidence, and we adopt them as our fact findings:

"First. I find that Henry Davis in 1891 took possession of the Houston Tap & Brazoria Railroad survey No. 15, for the purpose of acquiring 160 acres thereof by limitation, and cleared, fenced, and put in cultivation a field of about 7 or 8 acres, which he cultivated continuously from that time until his death about 4 or 5 years ago, raising thereon cotton or corn, and sometimes both, from year to year; that he held peaceable possession of same, claiming 160 acres to include his improvements, and his possession was open, notorious, and hostile to the owner and all others.

"Second. I find that the possession of the said Henry Davis, and that of his wife, Lula Belle Davis, and family, after his death, was open, notorious, and hostile to the owner and all others, and such possession was at all times sufficient notice to the owner that he and they were claiming 160 acres, including the improvements.

"Third. I find that in 1893 the said Henry Davis married the plaintiff Lula Belle Davis, and they together from said marriage to his death possessed, used, and cultivated the said field, continuously, claiming 160 acres to include said field, and that, since the death of the said Henry Davis, the said Lula Belle Davis, with her children, has continued the possession and use of the same continuously, asserting claim to the said 160 acres, in the manner stated in conclusions of fact No. 1 above.

"Fourth. I further find that, after his marriage to the plaintiff Lula Belle Davis, they purchased from E. A. Blount a 50-acre tract on the J. A. Mitchell survey adjoining railroad survey No. 15, and after the purchase from Blount they enlarged the field, which at that time was wholly on said survey No. 15, by taking in from first to last about 7 acres of land on the said 50-acre tract, so that they had one field under one fence partly on the said survey No. 15, and partly on said 50-acre tract, and from then to the present time the said field has been so situated.

"Fifth. I further find that after Henry Davis and his wife, Lula Belle Davis, purchased the 50 acres from Blount, they extended and enlarged from time to time that part of the field which is on survey No. 15 and also that part which is on the 50-acre tract.

"Sixth. I find that Henry Davis was married once only to the plaintiff Lula Belle Davis, and that, as the fruit of said marriage, they had the following children, and no more, to wit: Missouri, who died at the age of two months, and being the first child, and Betty, Henry, Matthew, and Sudie, the other plaintiffs in this case.

"Seventh. I find that the 160 acres described in plaintiff's petition, and which includes the improvements, is not of greater value than any other like part of said survey 15; in fact, on the whole, it is not as valuable, and to award the plaintiffs the said 160 acres would not constitute an inequitable partition of the said survey 15, but would be fair and just to the defendant, Houston Oil Company of Texas."

[1] Henry Davis had the 160 acres claimed by plaintiffs in this suit surveyed and the boundaries thereof marked in September, 1905. The line between the 160 acres and the 50 acres owned by Davis on the Mitchell survey runs through the middle of the 15-acre field; approximately one-half of said field being on the Mitchell survey. The Davis family did not live upon either tract, and there were no improvements upon either, other than the 15-acre field.

Appellant very earnestly insists that these facts do not sustain the trial court's conclusion that the possession of Henry Davis and Lula Belle Davis and family after the death of Henry Davis was open, notorious, and hostile to the owner and all others and was at all times sufficient notice to the owner that those in possession were claiming 160 acres of the land, including the improvements. It is not contended that the actual possession and cultivation of 7 or 8 acres of appellant's land would not have been sufficient notice of appellees' claim to 160 acres, had such possession not been extended to include a like number of acres of the 50-acre tract owned by appellees; but the contention is that, when the field was extended so as to include the land owned by appellees, the situation became such that it was calculated to mislead the owner of the 160 acres into the belief that the inclosure of his land was by mistake, and such possession was not of that character as to indicate unmistakably that appellees were claiming any portion of appellant's land outside of their inclosure.

[2] We do not think it can be said, as a matter of law, that appellees' possession was not sufficient to give a reasonably diligent

owner notice of the extent of their claim to his land. There was as much of appellant's land in appellees' possession as of the land owned by appellees; and there being no other improvements upon appellees' land, and nothing to indicate that their possession of appellant's land was a mere encroachment by appellees by mistake upon their neighbor's land, we do not think the fact that appellees owned the 50 acres of land on the Mitchell survey, and that approximately one-half of the field was on this 50-acre tract, materially affects the question. If appellees had owned no land on the Mitchell, and had put in a 15-acre farm partly on one survey and partly on the other, the case would have been the same. The question of the sufficiency of appellees' possession was one of fact, and we are of opinion that the finding of the trial court upon this issue should not be disturbed. Smith v. Jones, 103 Tex. 632, 132 S. W. 469, 31 L. R. A. (N. S.) 153.

This disposes of the only question raised by the two assignments presented in appellant's brief. It follows that both the assignments should be overruled, and the judgment of the court below affirmed; and it has been so ordered.

Affirmed.